■ MINNIE B. ALLEN, Respondent, v. DEAN HYLAND, Appellant.— Order unanimously reversed, without costs of this appeal to either party and motion for summary judgment denied, without costs. Memorandum: Triable issues of fact are presented as to whether plaintiff sufficiently performed a written contract for the sale of real property to be entitled to payment of the balance of the purchase price and as to whether her performance thereof was excused by waiver or estoppel. In the circumstances, summary judgment should not have been granted. (Appeal from order of Erie Special Term, granting plaintiff's motion for summary judgment in an action to recover purchase price of realty.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BARRY R. CORWIN, Appellant.— Judgment of conviction unanimously affirmed. (Appeal from judgment of Monroe County Court convicting defendant of the crime of sodomy, second degree.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GILBERT M. HAIRSTON, Appellant.— Order unanimously reversed and proceeding remitted to the Erie County Court for a hearing in accordance with the memorandum. Memorandum: The defendant maintains that he was prevented from mailing a notice of appeal within the 30-day period from the date of his sentence because the authorities in the State prison refused to provide postage or to allow him to borrow against future credit a sum sufficient to pay for the postage for the mailing of the notice of appeal. In support of his contention, the defendant submitted upon this appeal, with the consent of the District Attorney, a photostatic copy of a notice of appeal prepared in time and authenticated by a notary public at the State prison. Under the circumstances, a hearing should be held by the County Court to develop the facts. We do not undertake to determine at this time whether *coram nobis* or habeas corpus or an original motion in this court is the proper remedy, if it should be found that the defendant was wrongfully prevented from serving a notice of appeal (cf. *People* v. *Guhr*, 5 A D 2d 688; *People* v. *Hill*, 9 A D 2d 451). (Appeal from order of Erie County Court denying defendant's application for writ of error *coram nobis*.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.